T.C. Memo. 2000-219


UNITED STATES TAX COURT


STEPHEN R. JONES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13203-99.                    Filed July 20, 2000.


    Petitioner (H) and his former wife (W) filed for
divorce in 1992.  In April of 1994, H and W prepared a
draft marital settlement agreement that required H to
transfer his interest in his IRA to W.  In May of 1994,
H cashed out his IRA and later endorsed the
distribution check over to W.  Shortly thereafter, H
and W executed the marital settlement agreement. <u>Held</u>:
the IRA distribution is not excludable from H's income
under sec. 408(d)(6), I.R.C. because the distribution
did not constitute the transfer of H's "interest" in
his IRA.


<u>Philip Garrett Panitz</u> and <u>Ryan D. Schaap</u>, for petitioner.

<u>Mark A. Weiner</u>, for respondent.

MEMORANDUM OPINION

LARO, Judge:  This case is before the Court fully stipulated.  See Rule 122.  Petitioner petitioned the Court to redetermine respondent's determination of a deficiency in Federal income tax for petitioner's 1994 taxable year of $27,351 and an addition to tax under section 6651(a)(1) of $6,838.

The issues for decision are:

1.    Whether petitioner's gross income includes a $68,121 distribution to him from his individual retirement annuity (IRA). We hold it does.

2.    Whether petitioner is subject to the 10-percent additional tax for early distributions under section 72(t).  We hold he is.

3.    Whether petitioner is liable for the addition to tax pursuant to section 6651(a)(1) for failure to file his 1994 Federal income tax return timely.  We hold he is.

Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.  Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded to the nearest dollar.

## Background

When the petition in this case was filed, petitioner resided in Palm Desert, California.  On March 21, 1990, petitioner established an IRA with the Prudential Insurance Company of

America (Prudential).  Petitioner was the sole participant in this IRA.  On or about January 29, 1992, petitioner and his then wife, Cynthia Jones (Ms. Jones), commenced divorce proceedings in the Ventura County Superior Court.  As of 1994, petitioner and Ms. Jones were completing their divorce and settling the division of their property.

At petitioner's direction, on May 26, 1994, Prudential issued a check to petitioner for his full IRA account balance of $68,121.  Petitioner was 47 years old at the time of the distribution.

On or before June 12, 1994, petitioner endorsed the Prudential check over to Ms. Jones.  Ms. Jones did not deposit the IRA distribution check into an IRA or an Individual Retirement Account.

On June 14, 1994, petitioner and Ms. Jones executed a 16-page Stipulation for Judgment and Marital Settlement Agreement (MSA).  The MSA was filed with the Ventura County Superior Court on July 15, 1994.  The MSA had been completed in draft form as early as April 1994.  In relevant part, the MSA provides:

> 9.  <u>Property Awarded to Wife</u>.  Husband's interest in the separate property IRA with Prudential Securities shall be transferred to the respondent CYNTHIA L. JONES, and thereafter will be her sole and separate property.

A Judgment of Dissolution of Marriage between petitioner and Ms. Jones was filed on January 5, 1995, terminating the marital status of petitioner and Ms. Jones as of December 24, 1994.

Petitioner's 1994 Federal income tax return, which he filed on July 15, 1996, did not report the $68,121 distribution from the Prudential IRA as income.

## Discussion

## Issue 1.  Taxability of the IRA Distribution

Section 408(d)(1) provides that any amount distributed from an IRA "shall be included in gross income by the payee or distributee, as the case may be, in the manner provided under section 72."  Petitioner contends that by endorsing his IRA distribution check to his spouse, whom he was divorcing, he complied with an exception to section 408(d)(1) contained in section 408(d)(6), which provides:

> (6) TRANSFER OF ACCOUNT INCIDENT TO DIVORCE.-- The transfer of an individual's interest in an individual retirement account or an individual retirement annuity to his spouse or former spouse under a divorce or separation instrument described in subparagraph (A) of section 71(b)(2) is not to be considered a taxable transfer made by such individual notwithstanding any other provision of this subtitle, and such interest at the time of the transfer is to be treated as an individual retirement account of such spouse, and not of such individual.  Thereafter such account or annuity for purposes of this subtitle is to be treated as maintained for the benefit of such spouse.

As set forth, there are two requirements that must be met for the exception of section 408(d)(6) to apply:  (1) There must be a transfer of the IRA participant's "interest" in the IRA to

his or her spouse or former spouse (nonparticipant spouse), and (2) such transfer must have been made under a section 71(b)(2)(A) divorce or separation instrument.   See Bunney v. Commissioner, 114 T.C. 259, 265 (2000).

The first requirement under section 408(d)(6) is that the IRA participant transfer his or her interest in the IRA to the nonparticipant spouse.  The parties disagree as to the meaning of the word "interest" in this context.[1]  Petitioner asserts that "interest" is synonymous with the money or other assets that comprise an IRA account and that the transfer of distributed IRA funds by way of an endorsed check is a transfer of an interest in the IRA.  Respondent asserts that the endorsement was not a transfer of the petitioner's interest in his IRA because petitioner's interest in the IRA was extinguished as of the time he withdrew the funds.

We agree with respondent.  The transfer of IRA assets by a distributee to a nonparticipant spouse does not constitute the transfer of an interest in the IRA under section 408(d)(6).  See Bunney v. Commissioner, supra at 265; Czepiel v. Commissioner, T.C. Memo. 1999-289.  The fact that petitioner endorsed the

[1]In Bunney v. Commissioner, 114 T.C. 259, 265 n.6 (2000), we acknowledged two commonly used methods of transferring an interest in an IRA, as described in IRS Publication 590; to wit, (1) Changing the name on the IRA to that of the nonparticipant spouse or (2) directing the trustee of the IRA to transfer the IRA assets to the trustee of an IRA owned by the nonparticipant spouse.

distribution check to his wife, rather than first depositing the funds in his own bank account, does not change the result. Section 408(d)(6) offers a means to avoid having the interest transfer treated as a distribution. See sec. 1.408-4(g)(1), Income Tax Regs.[2] It does not permit the IRA participant to allocate to a nonparticipant spouse the tax burden of an actual distribution. See Bunney v. Commissioner, supra at 265, n.7. We recognize that where a nonparticipant spouse in a divorce prefers to receive cash rather than an interest in an IRA, the parties may find it desirable to have the participant simply withdraw the IRA funds. However, such withdrawals do not fall under the limited exception set forth in section 408(d)(6).

Respondent also contends that the transfer was not made under a written instrument incident to a divorce decree within the meaning of sections 408(d)(6) and 71(b)(2)(A). In light of our holding above, it is unnecessary to decide this issue.

_____

[2]Sec. 1.408-4(g)(1), Income Tax Regs., provides, in relevant part:

> The transfer of an individual's interest, in whole or in part, in an individual retirement account, individual retirement annuity, or a retirement bond, to his former spouse under a valid divorce decree or written instrument incident to such divorce shall not be considered to be a distribution from such an account or annuity to such individual or his former spouse * * *.

Issue 2.  Section 72(t) Additional Tax

Section 72(t) imposes a 10-percent additional tax on early distributions from qualified retirement plans.  Petitioner was not yet 59 1/2 when he withdrew the funds from his IRA and the evidence does not support the applicability of any other exception from tax under section 72(t)(2).  Accordingly, petitioner is liable for the 10-percent additional tax on early withdrawal.

Issue 3.  Addition to Tax Under Section 6651

Respondent determined an addition to tax under section 6651(a) for petitioner's failure to file his 1994 Federal income tax return timely based upon a rate of 25 percent.  Section 6651(a)(1) imposes an addition to tax equal to 5 percent per month of the underpayment up to a maximum of 25 percent for untimely filed returns.  This addition to tax is not imposed if the failure to file timely was due to reasonable cause and not due to willful neglect.  Petitioner's 1994 Federal income tax return was due to be filed on April 15, 1995.  Petitioner filed his 1994 Federal income tax return on July 15, 1996.  The record in this case is void of any evidence of the reason for petitioner's failure to file his return timely.  Accordingly, we sustain respondent's determination of an addition to tax under section 6651(a)(1).

We have carefully considered petitioner's other arguments for a result contrary to those expressed herein, and, to the extent not discussed above, find them to be irrelevant or without merit.

<u>Decision will be entered</u>

<u>for respondent</u>